# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY ARMOLT,** | : | CIVIL NO: 1:15-CV-1642 |
| Petitioner, | : | |
| v. | : | (Judge Jones) |
| | : | (Magistrate Judge Carlson) |
| **JOHN KERESTES, et al.,** | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case, which is styled as a Rule 60 motion filed by a previously unsuccessful federal habeas corpus petitioner, represents an attempt at a second and successive federal post-conviction petition filed by this petitioner, a state inmate who was convicted in the Court of Common Pleas of Adams County upon his plea of guilty to three counts of rape charged under 18 Pa. C.S.A. §3121(a)(6), as a result of engaging in sexual intercourse with a complainant less than 13 years of age. On April 12, 2004, Armolt was sentenced on each count of conviction to a term of imprisonment of five to ten years. The three sentences were imposed to run consecutively. Thus, Armolt is serving a fifteen (15) to thirty (30) year sentence in state prison.

This guilty plea has, in turn, led to a quixotic decade-long legal journey by Armolt, one marked by many detours and delays. In 2010, Armolt's legal journey brought him into federal court when he filed his first federal habeas corpus petition. Armolt v. Kerestes, 1:10-CV-346. That petition was ultimately dismissed by the district court, which found that Armolt's petition was profoundly flawed in two separate respects in that it was both unexhausted and barred by the statute of limitations. By March 2011, the court of appeals sustained this decision denying Armolt habeas corpus relief, and denied Armolt's request for a certificate of appealability.

Undeterred by this failure, a failure driven by his own dilatory conduct, Armolt has apparently pursued post conviction relief in the state courts. Like his first federal petition, this effort at state post-conviction relief has thus far been unavailing, with the state courts denying Armolt relief, in part, because his state PCRA petition is barred by the statute of limitations for state post conviction petitions. According to Armolt's latest filings, the most recent of these adverse rulings was made by Pennsylvania's Superior Court on July 23, 2015, when this state appellate court found that the "prolix and, at times, nonsensical assertions made by" Armolt were "untimely." (Doc. 1.)

This adverse state appellate court ruling has now inspired Armolt's latest filing, a pleading cast as a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which is actually in the nature of a second and successive federal petition for writ of habeas corpus. In this pleading, which share the prolix and confusing qualities noted by the Superior Court in Armolt's state filings, the petitioner invites us to review and set aside the state appellate court's rulings on his state PCRA petition.

Along with this petition, Armolt has also filed a motion for leave to proceed *in forma pauperis*, (Doc. 2.), and motion to appoint counsel. (Doc. 3.) For the reasons set forth below, we will GRANT Armolt leave to proceed *in forma pauperis*, (Doc. 2.), DENY his request for appointment of counsel, (Doc. 3.), and recommend that this petition be DISMISSED.

## II.  Discussion

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases

in the United States District Courts. Summary dismissal pursuant to Rule 4 is appropriate here since in this case Jeffery Armolt effectively seeks to pursue what is undeniably a second and successive federal habeas corpus petition challenging his 2004 state guilty plea sexual assault conviction.

Prisoners, like Armolt, seeking habeas relief must satisfy specific, and precise, procedural standards. These procedural prerequisites include a requirement that: "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As the court of appeals stated:

> Pursuant to this gate-keeping function, AEDPA instructs the courts of appeals to dismiss any claim presented in a second or successive petition that the petitioner presented in a previous application. See 28 U.S.C. § 2244(b)(1). If a petitioner presents a *new* claim in a second or successive habeas corpus application, we must also dismiss that claim unless one of two narrow exceptions applies:
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> Id. § 2244(b)(2)(A)-(B)(ii). Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A). A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition "acts as a jurisdictional bar." United States v. Key, 205 F.3d 773, 774 (5th Cir.2000).

Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Judged against these yardsticks, and construing Armolt's pleading as a habeas corpus petition, this latest habeas corpus petition fails since this petition is undeniably a successive petition. Since this petition seems to clearly be a successive petition, it is also clear that Armolt's pathway to relief does not lie in the first instance with this court. Rather,"[t]he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), places the federal courts of appeals in the role of 'gate-keeper,' charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction [or sentence].' Leal Garcia v. Quarterman, 573 F.3d 214, 220 (5th Cir.2009)." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011).

Therefore, Armolt is not free to simply re-state or re-cast his claims in a second petition filed with the district court. Instead, he must follow the course prescribed by law, he must first present that claim to the court of appeals and must show that: "one

5

of two narrow exceptions applies: (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Blystone v. Horn, 664 F.3d 397, 411 (3d Cir. 2011). Given that Armolt has not followed this course mandated by law, this petition must be dismissed since: "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.' United States v. Key, 205 F.3d 773, 774 (5th Cir.2000)." Blystone v. Horn, 664 F.3d 397, 411-12 (3d Cir. 2011).

Nor can Armolt save this flawed petition by re-casting this pleading as a motion under Rule 60 of the Federal Rules of Civil Procedure. Rule 60 of the Federal Rules of Civil Procedure applies to motions to re-open prior federal court judgments and provides, in part, as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.
>
> **(c) Timing and Effect of the Motion.**
>
> **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

Here, as we construe it, Armolt's latest pleading does not seem to ask us to reconsider the four year old orders entered by this court, and sustained by the court of appeals, dismissing his first habeas petition. Instead, Armolt invites us to, in effect, sit as a state appellate court and review, revise and overrule a decision of Pennsylvania's Superior Court.

7

This we cannot do. Indeed, the United States Supreme Court has spoken to this issue and has announced a rule, the Rooker-Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions. As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....". See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir.2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP, 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," particularly where those lawsuits necessarily require us to re-examine the outcome of a state criminal case. As the United States Court of Appeals for the Third Circuit has observed in dismissing a similar lawsuit which sought to make a federal case out of state court rulings made in litigation relating to a prior state criminal case:

> The Rooker-Feldman doctrine divests federal courts of jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir.2006) (internal citations omitted). The doctrine occupies "narrow ground." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). It applies only where "the losing party in state court filed suit in federal court after the

9

state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. at 291, 125 S.Ct. 1517. . . . Ordering the relief he seeks, however, would require the District Court to effectively determine that the state courts' jurisdictional determinations were improper. Therefore, [Plaintiff] Sullivan's claims are barred by the Rooker-Feldman doctrine. To the extent Sullivan was not "appealing" to the District Court, but instead was attempting to relitigate issues previously determined by the Pennsylvania courts, review is barred by res judicata. See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir.2009) (describing conditions in Pennsylvania under which collateral estoppel will bar a subsequent claim).

Sullivan v. Linebaugh, 362 F. App'x 248, 249-50 (3d Cir. 2010).

This principle applies here. Thus, in this case, as in Sullivan, the Rooker-Feldman and *res judicata* doctrines combine to compel dismissal of this case, to the extent that the petitioner improperly invites us to act as a Pennsylvania appellate court for matters and claims relating to a state litigation arising out of the plaintiff's state criminal prosecution.

Finally, to the extent that Armolt is actually asking us under Rule 60(b) to set aside the judgment entered by this court four years ago in his first federal habeas corpus petition, he is not entitled to this relief under Rule 60 (b). As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box

10

Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, however, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

Here, it is entirely unclear what the legal basis of Armolt's Rule 60(b) motion may be although, liberally construed, it seems that Armolt seeks to re-open this case under the catch-all provision of Rule 60(b), Rule 60(b)(6), which permits relief on "any other reason that justifies relief." Unlike other Rule 60(b) motions, motions brought pursuant to Rule 60(b)(6) are not subject to a strict 1-year limitations period. However, "A motion under the 'catchall' provision contained in Rule 60(b)(6) also must be made 'within a reasonable time.' Relief under Rule 60(b)(6) requires a showing of '"extraordinary circumstances' justifying the reopening of a final judgment"'" Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006)(citations omitted). A determination of:

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir.1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir.1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

One aspect of this showing of "exceptional circumstances justifying the delay for filing under Rule 60(b)(6)," is that a movant under Rule 60(b)(6) must show that he "has exercised due diligence to ascertain whether the judgment has been entered or has given sufficient reason for the lack of such diligence." Spika v. Vill. of Lombard, Ill., 763 F.2d 282, 285 (7th Cir. 1985).

Here we cannot find that Armolt has acted with due diligence. Quite the contrary, five years ago in 2010 we concluded that Armolt had acted with extreme indolence, and had forfeited his federal post-conviction claims by failing to comply with the statute of limitations governing those claims. Informed of this fact more than

four years ago, Armolt has now apparently litigated an equally untimely and meritless post conviction petition in state court. Now, more than four years after his first federal case was dismissed, in part, because he failed to pursue that case in a timely fashion, Armolt urges us to find that he has acted with due diligence in filing this Rule 60(b) motion.

This we cannot do. In truth, Armolt's current filing, like his prior federal habeas corpus petition, is untimely, procedurally inappropriate, and meritless. Therefore, it does not provide grounds for extraordinary relief under Rule 60(b), and Armolt's request for this relief should be denied.

These findings, in turn, guide us in our consideration of Armolt's motion for appointment of counsel. With respect to this request, it is well-settled that individuals like the petitioner do not have a constitutional right to counsel in habeas corpus proceedings. See, Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991). Rather, appointment of counsel in such cases is governed by Title 18, United States Code, Section 3006A(a)(2)(B), which provides that the Court has the discretion to appoint counsel in such cases when "the court determines that the interests of justice so require. . . ."

The exercise of discretion in this area is guided, however, by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petitioner has presented an arguably meritorious claim, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim. Id. at 263. In making this determination, factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case, as well as the petitioner's ability to present these claims. Id. at 264. Thus, where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions appointment of counsel is unnecessary. Id.

In this case, our initial screening review of this petition reveals it to be untimely, improper, and without any colorable merit. In these circumstances the discretionary factors which guide appointment of counsel all call for denial of this request. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991).

## III. Recommendation

Accordingly, for the foregoing reasons, we will GRANT Armolt leave to proceed *in forma pauperis*, (Doc. 2.), DENY his request for appointment of counsel, (Doc. 3.), and IT IS RECOMMENDED that the Petition be DISMISSED without prejudice to Armolt requesting leave from the court of appeals to pursue a second and successive federal habeas corpus petition.

The petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of August 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge